## In re PURDY.
### Patent Appeal No. 2704.

Court of Customs and Patent Appeals.
April 27, 1931.

Owen & Owen, of Toledo, Ohio (Malcolm W. Fraser, of Toledo, Ohio, and Conway P. Coe, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, rejecting claim 9 of appellant's application, which claim is as follows: "9. A valve gear for a locomotive having a valve stem, cross head and eccentric, said valve gear comprising a depending arm pivoted at

its upper end, a combination lever pivoted to the valve stem having a downwardly extending arm and a back set upwardly extending arm, means connecting the downwardly extending arm and the cross head, a link connected to the upper end of said back arm inclining rearwardly and downwardly to the lower end of said depending arm, and means connecting said depending arm with the eccentric for oscillating said depending arm between a vertical position and a forwardly inclined position."

The references are:

Allfree, 1,002,112, August 29, 1911.

Wiggins, 1,025,175, May 7, 1912.

Graham, 1,219,549, March 20, 1917.

The alleged invention is described in the decision of the Board of Appeals in the following language: "This application discloses a valve gear for locomotives. It is of the type employing the combination lever which lever derives movement from the piston crosshead at its lower end and from a supplemental crank on one of the drive wheel axles and through the reversing mechanism at its upper end and actuates the valve stem by a resultant of these two movements. This application is based mainly on the detail of employing a combination lever in which the upper end is inclined backward or away from the valve chamber so that it will stand in a symmetrical position with respect to the reciprocating pitman-like rod which is connected to that end and which actuates it."

Appellant claims that the novelty of his invention rests in a structure having a downwardly extending arm in combination with a lever of which the upper end is inclined backward or away from the valve chamber. Appellant urges, without convincingly pointing out the underlying reason for his conclusion, that there is something about his combination of old elements which brings about a new and useful result, and, while not contesting that Wiggins shows the downwardly and backwardly inclined arm, contends that Wiggins should be eliminated as a reference because the mechanism of that patent as a whole is inoperative.

Concerning the inoperativeness the board said: " * * * While applicant appears to demonstrate that some of the parts of Wiggins' mechanism, as shown in the drawings are not of correct proportion, we do not agree that the principle of the mechanism is inoperative. Patent drawings are not necessarily working drawings and it is considered that it is within the skill of machine designers to so proportion the dimensions of the Wiggins' mechanism as to make it accurate. However, Wiggins is considered to be a valid reference as to the feature for which it was applied aside from the question of operativeness of the dimensions of other parts as shown."

In discussing the applicability of the references, the board's decision reads: "No patentable novelty is found in the broad substitution of this backwardly inclined end of the combination lever of Wiggins for the upper end shown by Graham in Fig. 3 of combination lever 15. Having Graham's structure it is considered merely an obvious mechanical feature for the above reasons, and especially in view of Wiggins, to incline the upper end of the combination lever backwardly if the actuating pitman-like bar is inclined downwardly, so as to bring its arc of oscillation symmetrical to the line of reciprocation of the bar."

We have examined with care the references and the models presented during the argument of this case, and no useful purpose could be served by here discussing at length the different features shown in the references and appellant's disclosure. We agree with the reasoning of the board and the conclusions reached, and its decision is affirmed.

Affirmed.